**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CAUSE NO. 3:24-CR-507-N** |
| | § | |
| **PHILLIP PETERSON** | § | |

**DEFENDANT'S MOTION IN LIMINE FOR**
**UNCHARGED ACTS OF MISCONDUCT AND BRIEF IN SUPPORT**

To the Honorable Judge of Said Court:

NOW COMES Defendant Phillip Peterson, through undersigned counsel, and files this motion in limine and brief regarding uncharged acts of misconduct. In support of this motion, Defendant shows the following:

I.

Defendant respectfully requests that this Court instruct the attorney for the government in this case, and through such counsel any and all government witnesses, to refrain from mentioning, directly or indirectly, in any manner whatsoever, in the presence of the jury, any uncharged acts of misconduct alleged to have been committed by or engaged in, in any way, by Defendant, until a hearing has been held outside the presence of the jury to determine the following:

1. The government's theory of admissibility of such evidence;
2. Whether Defendant is the same person who allegedly committed such acts of misconduct;
3. Whether the proffered evidence is intrinsic to the indicted crimes;

4. If the court determines that the proffered evidence is extrinsic to the indicted crimes, then whether the extrinsic offenses are admissible under FRE 404(b).

As a basis for this motion, Defendant contends that to allow the mentioning of any intrinsic or extrinsic offenses, violations or other acts of misconduct attributable to the Defendant, without a prior ruling by the court on its admissibility, would unduly prejudice him.

II.

Evidence of other acts of misconduct are intrinsic to the indicted offense when the evidence of the other acts and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams,* 900 F.2d 823, 825 (5th Cir.1990) (mailings sent at different times were extrinsic evidence because they "were distinct and distinguishable events none of which constituted a necessary preliminary for another"). Intrinsic evidence is considered an exception to Rule 404(b) in that it does not trigger a 404(b) analysis. *United States v. Garcia,* 27 F.3d 1009, 1014 (5th Cir.1994).

On the other hand, evidence of extrinsic offenses or other acts of misconduct are inadmissible at trial unless such evidence falls within the narrowly prescribed exceptions set forth by FRE 404(b). *United States v. Beechum*, 555 F.2d 487, 491 (5th Cir. 1977), vacated on other grounds, 582 F.2d 898 (5th Cir. 1978); *United States v. Myers*, 550 F.2d 1036, 1044 (5th Cir. 1977). In no event is such evidence admissible for the purpose of showing that a defendant has a criminal disposition to create an inference that the defendant committed the crime of which he is charged. *Myers*, 550 F.2d. at 1044.

The Fifth Circuit has repeatedly noted that this Rule is "just and wise," in that it minimizes the grave danger that a jury will infer guilt of the charged offense from evidence of other

misconduct or that a jury will seek to punish a defendant for the other misconduct regardless of his innocence of the offense with which he is charged. *Beechum*, 555 F.2d at 491; *United States v. San Martin*, 505 F.2d 918, 921 (5th Cir. 1974); *United States v. Goodwin*, 492 F.2d 1141, 1150 (5th Cir. 1974). This rule is necessary to prevent an accused from being convicted merely because the jury believes that he is a person of bad character. *United States v. Turquitt*, 557 F.2d 464, 468 (5th Cir. 1977). Basic to the presumption of innocence is that an accused be tried for what he did, and not for who he is. *Myers*, 550 F.2d. at 1044.

This rule is subject to the narrowly prescribed exceptions contained in Rule 404(b). Evidence of the commission of other crimes, wrongs, or acts of misconduct, "closely related both in time and nature to the crime charged, may be admissible if offered to prove an essential element of the charged offense, such as motive, intent, identity, guilty knowledge, or a common scheme, plan or design." *Id.* However, the Fifth Circuit has noted that these exceptions, which have "been carried out to serve a limited prosecutorial and judicial purpose should not be permitted to swallow the rule." *San Martin*, 505 F.2d at 921.

The first step in determining the admissibility of extrinsic acts is deciding whether the evidence is relevant, that is, whether a jury could reasonably conclude that the extrinsic act occurred and the Defendant was the actor. *Huddleston v. United States*, 485 U.S. 681 (1988); Fed. R. Evid. 104(b). The next inquiry is whether the evidence is probative of a material issue other than character. *Huddleston*, 485 U.S. 681; *United States v. Zelinka*, 862 F.2d 92, 99 (6th Cir. 1988). The Government must articulate a theory of admissibility and show that the extrinsic act is probative of a material issue in the case, such as set out in Rule 404(b). The extrinsic act need not only be probative, but its probative value must substantially outweigh its potential for unfair prejudice.

Due to the potential prejudice from the admission of extrinsic acts or crimes before the jury, the government should be ordered to proffer to the Court the alleged extrinsic act and the theory of admissibility so the Court may make a ruling on the admissibility outside the presence of the jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court instructs the Government not to mention or refer to, directly or indirectly, in the presence of the jury, any alleged extrinsic offenses or other acts of misconduct, until such a hearing has been conducted and a ruling obtained on the admissibility thereof from the Court outside the presence and hearing of the jury.

Respectfully submitted,

/s/ J. Joseph Mongaras
J. Joseph Mongaras
Texas Bar No. 24039975
jjm@udashenanton.com

Udashen | Anton
8150 N. Central Expressway
Suite M1101
Dallas, Texas 75206
214/468-8100
214/468-8104 fax

*Attorney for Peterson*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was filed via this Court's ECF system and thereby served on all counsel of record in this matter on September 1, 2026.

/s/ J. Joseph Mongaras
J. Joseph Mongaras

.

**CERTIFICATE OF CONFERENCE**

I certify that on August 28, 2026 I spoke with the Government about this filing, and the

government is opposed to the extent the motion seeks relief beyond the requirements and parameters of 404(b).

/s/ J. Joseph Mongaras
J. Joseph Mongaras