**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CAUSE NO. 3:24-CR-507-N** |
| | § | |
| **PHILLIP PETERSON** | § | |

# DEFENDANT'S MOTION FOR GOVERNMENT AGENTS TO RETAIN ROUGH NOTES

To the Honorable Judge:

Comes now Defendant Phillip Peterson, by and through his attorney of record, and hereby requests that this Court to enter an order requiring all government experts and law enforcement officers who investigated the charges in this and related cases to retain and preserve all rough notes taken as part of their investigation notwithstanding whether the contents of the said notes were incorporated in official records. This motion is made so that the Court can determine whether disclosure of the said notes is required under *Brady* or the Jencks Act.[1]

In *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975), the court held that the decision of whether rough interview notes taken by agents of the government in interviewing eyewitnesses are discoverable is for the court, not the government, to make. Furthermore, the court held that the determination of what constitutes a producible

[1] Rough, handwritten notes taken by agents of the government in interviewing witnesses are potentially discoverable materials required to be preserved and produced even if the notes were not discoverable under the Jencks Act, and the government's practice of destroying the notes after preparation of the witness interview report is not justified either on the grounds that preservation of the notes would impose an intolerable burden on the Government or that all of the information was preserved in the report.

"statement" under the Jencks Act is also for the court, and not the government, to make. The cases of *United States v. Maynard*, 476 F.2d 1170, 1176-78 (D.C. Cir. 1973), *United States v. Bundy*, 472 F.2d 1266, 1267 (D.C. Cir. 1972), and *United States v. Terrell*, 474 F.2d 872, 877 (2d Cir. 1973), are also on point. In *Terrell*, the Second Circuit Court of Appeals held that the Jencks Act imposes no duty on law enforcement officers to retain rough notes when their contents are incorporated in official records and they destroy their notes in good faith. The thrust of *Terrell* is that such rough notes are producible except when they are destroyed in good faith. The purpose of the instant motion is to place the government on notice that any destruction of their rough notes cannot be in good faith as of this time forward. In other words, it is the defendant's position that no destruction can be in good faith after the defendant's request for the preservation of such agency's rough notes.

WHEREFORE, Defendant prays that this Court grants this motion, enter an appropriate order, and further orders that the notes at issue be produced in accordance with the Fifth and Sixth Amendments to the United States Constitution, Federal Rule of Criminal Procedure 16, the Jencks Act, *Brady*, and *Giglio*.

Respectfully Submitted,

/s/ J. Joseph Mongaras
J. Joseph Mongaras
Texas Bar No. 24039975
jjm@udashenanton.com

Udashen | Anton
8150 N. Central Expressway
Suite 1265
Dallas, Texas 75206

(214) 468-8100
(214) 468-8104 (fax)

*Attorney for Peterson*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, a true and exact copy of this Motion was served electronically via the CM/ECF system to the Assistant United States Attorney, Ted Hocter.

/s/ J. Joseph Mongaras
J. Joseph Mongaras

**CERTIFICATE OF CONFERENCE**

On August 28, 2026, I emailed Assistant United States Attorney, and notified the government of the filing that they are partially opposed. The Government does not oppose an order requiring preservation of existing rough notes. To the extent Defendant requests an order requiring wholesale production of all rough notes, however, the Government opposes and submits that production should remain governed by the otherwise applicable requirements of Rule 16, the Jencks Act, *Brady*, and *Giglio*.

/s/ J. Joseph Mongaras
J. Joseph Mongaras