IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:24-CR-507-N |
| PHILLIP DANIEL PETERSON | |

# GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE

The Government moves in limine to exclude the following inadmissible evidence and improper argument at trial: arguments inviting jury nullification or challenging the decision to prosecute; evidence concerning collateral proceedings; evidence concerning Defendant's alcohol use, mental-health conditions, or diminished capacity; Defendant's subsequent apology through Government witnesses; and improper lay opinions concerning the charged communications or Defendant's mental state. The Government also requests an advance ruling before Defendant raises any excluded subject and moves to preclude negative inferences from the Government's decision not to call a particular witness.

## MOTIONS

### I. Defendant should be precluded from inviting jury nullification

A defendant may not urge a jury to disregard the law or acquit for reasons unrelated to the elements of the offense. *See United States v. Thompson*, 2001 WL 498430, at *16 (5th Cir. 2001) (unpublished). Although a jury may acquit despite

sufficient evidence, that power "does not include the right to have counsel make an improper argument encouraging the jury to use its 'de facto power to refuse to apply the law as instructed by the court . . .'" *Id.* A court may therefore restrict arguments encouraging nullification. *Id.*; *see also United States v. Taylor*, 680 F.2d 378, 380 (5th Cir. 1982) ("A judge has wide discretion to control the material presented by counsel . . ." during argument).

Defendant is charged with eight violations of 18 U.S.C. § 875(c) arising from emails sent during contentious civil litigation. (Dkt. 1). The litigation context and surrounding communications may bear on whether the emails constituted true threats and on Defendant's subjective mental state. They do not permit Defendant to argue that the conduct should have remained a civil matter or did not warrant prosecution.

Likewise, Defendant may not use evidence that recipients were sophisticated professionals, that some did not contact law enforcement, or that other institutions imposed no consequences to argue that prosecution was excessive or unnecessary. Such arguments do not bear on the elements and invite nullification. *See* FED. R. EVID. 401, 403. The Court should therefore preclude evidence or argument offered to encourage the jury to acquit for reasons unrelated to the charged offenses.

## II. Defendant should be precluded from attacking prosecutors or challenging the decision to prosecute.

Defendant should not be permitted to attack prosecutors or invite speculation about the Government's motives for investigating, charging, or prosecuting him. Nor may he litigate alleged defects in the indictment or charging process before the jury.

Such claims belong in pretrial motions under Rule 12. FED. R. CRIM. P. 12(b)(3); *see United States v. Dufresne*, 58 F. App'x 890, 895 (3d Cir. 2003) ("First of all, a claim of vindictive prosecution is not permissible argument to a jury. It is properly raised in a pretrial motion to dismiss the prosecution.").

Prosecutorial motives do not bear on whether Defendant committed the charged offenses. Allowing inquiry into those motives would confuse the issues and waste trial time. *See* FED. R. EVID. 401, 403; *United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984) ("The decision to prosecute one person and not another is a proper exercise of executive discretion . . .") (internal citations omitted).

These principles apply to the referral that preceded this prosecution. A federal judge referred Defendant's conduct to the Department of Justice The circumstances surrounding the charged communications may provide relevant context, but the referral and resulting investigation do not establish whether Defendant violated § 875(c).

Defendant therefore should not argue that the Government "cherry-picked" the charged emails, converted a private dispute into a criminal case, or should have declined prosecution. Nor should he challenge the referral's propriety or ask witnesses to speculate about charging decisions.

The Court should preclude evidence or argument concerning selective or vindictive prosecution, grand-jury errors, defects in the indictment, discovery disputes, speedy-trial claims, or challenges to the referral, investigation, or exercise of prosecutorial discretion.

## III. Evidence concerning collateral civil, administrative, disciplinary, or other proceedings should be excluded.

The Government moves to exclude evidence, questioning, or argument concerning the merits, findings, rulings, settlements, or outcomes of collateral proceedings involving Defendant, Legacy Exploration, or persons or entities associated with the business disputes surrounding this case. The Government also moves to preclude cross-examination concerning the State Bar complaint filed by a victim-witness regarding Defendant's charged conduct.

Evidence is relevant only if it tends to prove a fact of consequence. FED. R. EVID. 401–02. Even relevant evidence may be excluded when its probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, or wasting time. FED. R. EVID. 403. In *United States v. Hays*, the Fifth Circuit reversed convictions after the Government introduced extensive evidence unrelated to the offenses charged. 872 F.2d 582, 587–89 (5th Cir. 1989). The court measured relevance against "the wording of the indictment" and emphasized that evidence must be "strictly relevant to the particular offense charged." *Id.* at 586-87 (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)).

The same principle applies to collateral litigation. In *Stafford v. Lamorak Insurance Co.*, the district court admitted evidence about an underlying incident and inconsistent statements from related litigation but excluded references to the lawsuit itself. 754 F. App'x 241, 245 (5th Cir. 2018) (per curiam) (unpublished). The Fifth

Circuit affirmed because references to the collateral lawsuit could confuse the jury or invite improper inferences. *Id.*

Evidence concerning the relationships, disputes, and surrounding communications may be relevant here. The merits and outcomes of collateral proceedings are not. The jury need not decide who prevailed in other litigation, whether Legacy acted properly in separate transactions, or whether another tribunal imposed sanctions or consequences.

The same is true of the State Bar complaint. The complaint, its substance, and its disposition do not establish whether Defendant violated § 875(c). The State Bar did not decide whether the charged communications constituted true threats or whether Defendant possessed the required mental state. Defendant's retention of his law license proves neither proposition. Cross-examination concerning the State Bar proceeding would invite a collateral inquiry into the complaint, the Bar's review, and its disposition. That inquiry would confuse the issues, waste time, and risk suggesting that the Bar resolved questions of criminal liability that it did not decide. *See* FED. R. EVID. 403.

The Court should therefore preclude evidence or argument concerning the merits or outcomes of collateral proceedings and preclude questioning about the State Bar complaint or its disposition. If Defendant contends that particular evidence from those proceedings is admissible for another purpose, he should first obtain a ruling outside the jury's presence.

**IV. Evidence or argument concerning Defendant's alcohol use, alcoholism, intoxication, mental-health conditions, or diminished capacity should be excluded absent an adequate proffer.**

Section 875(c) requires proof that Defendant was subjectively aware of the threatening nature of his communications. *Elonis v. United States*, 575 U.S. 723, 737–40 (2015). Recklessness satisfies that requirement when a defendant consciously disregards a substantial risk that his communications will be viewed as threatening violence. *Counterman v. Colorado*, 600 U.S. 66, 69, 79 (2023); *see United States v. Jubert*, 139 F.4th 484, 490-92 (5th Cir. 2025).

Generalized evidence of alcohol use, alcoholism, mental-health conditions, or treatment does not establish Defendant's mental state when he sent the charged communications. Nor may witnesses speculate about whether Defendant was drinking or intoxicated based only on the language or tone of an email. *See* FED. R. EVID. 602, 701.

Any evidence of contemporaneous intoxication should require a proffer establishing its relevance to Defendant's subjective awareness under *Elonis* and *Counterman*. Evidence of alcoholism, treatment, rehabilitation, counseling, or mental-health history untethered to that inquiry should be excluded under Rules 401 and 403. *See* FED. R. EVID. 401–403.

The Court should therefore preclude either party from eliciting speculative testimony from witnesses concerning Defendant's alcohol use, intoxication, or mental-health condition. If Defendant seeks to introduce evidence on those subjects as bearing on his subjective mental state, he should first establish its relevance outside the jury's presence.

## V. Defendant should be precluded from eliciting his subsequent apology through Government witnesses.

Defendant may not use cross-examination to place otherwise inadmissible self-serving statements before the jury. Rule 801(d)(2) permits a party to offer an opposing party's statement. It does not permit Defendant to introduce his own statements for their truth. Nor should Defendant circumvent that rule through cross-examination. *See* FED. R. EVID. 611(b).

Questions to witnesses establishing that Defendant later apologized would invite the jury to use a subsequent explanation or expression of remorse to infer his earlier state of mind. If Defendant seeks to introduce an apology, explanation, or related post-offense statement for that purpose, he should first establish an admissible basis outside the jury's presence.

## VI. Lay witnesses should not offer legal conclusions about "true threats" or opinions about Defendant's subjective mental state.

The Government moves to preclude lay witnesses from opining whether the charged communications constitute "true threats" or whether Defendant possessed the mental state required by § 875(c).

Rule 701 permits lay opinions that are rationally based on the witness's perception and helpful to deciding a fact in issue. FED. R. EVID. 701(a)–(b). It does not permit lay witnesses to offer legal conclusions. *See United States v. El-Mezain*, 664 F.3d 467, 511–12 (5th Cir. 2011). Whether the communications constitute true threats under the Court's instructions is a question for the jury.

A witness may testify to facts within personal knowledge, including a recipient's own understanding and reaction. But no lay witness should opine that Defendant "was joking," "did not mean it," "was not serious," or "did not intend to threaten anyone." Those conclusions belong to the jury. *See* FED. R. EVID. 701.

Recipients may describe how they understood a communication, what they did in response, and the circumstances informing that reaction. Those facts may bear on whether a reasonable person would perceive the communication as threatening. *See United States v. Nformangum*, No. 24-20515, 2026 WL 18900, at *3 (5th Cir. Jan. 2, 2026) (per curiam) (unpublished).

The Court should therefore exclude lay opinions that state legal conclusions or speculate about Defendant's subjective mental state.

**VII. Defendant should be precluded from inviting a negative inference from the Government's decision not to call a particular witness.**

The Fifth Circuit has recognized that " [I]f the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." *United States v. Wilson*, 322 F.3d 353, 363 n.14 (5th Cir. 2003) (quoting *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)). Defendant should not be permitted to suggest that the Government's decision not to call such a witness implies that the witness would have provided testimony unfavorable to the Government.

Defendant may subpoena any witness equally available to both parties. He therefore should not be permitted to suggest that the Government's decision not to call such a witness means the witness would have provided unfavorable testimony.

The same rule should bar questioning designed to create that inference indirectly, including questions about whether an equally available witness was interviewed, listed, or could have been called. The Court should therefore preclude Defendant from inviting a negative inference from the absence of any equally available witness.

## VIII. Defendant should be required to obtain an advance ruling before presenting evidence or argument concerning subjects excluded by this motion.

Defendant should obtain a ruling outside the jury's presence before mentioning or eliciting any subject excluded by this motion. That requirement should apply equally to cross-examination. If Defendant contends that particular evidence is admissible for a purpose not foreclosed by the Court's ruling, he should first approach the bench and obtain a ruling outside the jury's presence.

[NOTHING FURTHER ON THIS PAGE]

**CONCLUSION**

For these reasons, the Government respectfully requests that the Court grant these Motions *in Limine* and require Defendant to obtain a ruling outside the jury's presence before raising any excluded subject.

Respectfully submitted,

*/s/Edward L. Hocter*
EDWARD L. HOCTER
Assistant United States Attorney
Texas Bar No. 24121668

CAROLINE POORE
Assistant United States Attorney
Tennessee Bar No. 040796

1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: (214) 659-8600
Facsimile: (214) 659-8808
Emails: ted.hocter@usdoj.gov;
caroline.poore@usdoj.gov

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 10, 2026, I conferred with J. Joseph Mongaras, counsel for the defendant, by sending him a draft of this motion. As of the time of filing, Mr. Mongaras represented that he is unopposed to Motions in Limine 1, 6, and 8, and opposed to Motions in Limine 3, 4, 5. Mr. Mongaras also represented that he is opposed, in part, to Motions in Limine 2 and 7.

/s/ *Edward L. Hocter*
EDWARD L. HOCTER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify on this 14th day of September 2026 that this document was filed with the Clerk of Court via the court's ECF System.

/s/ *Edward L. Hocter*
EDWARD L. HOCTER
Assistant United States Attorney