ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim. Action No. 3:24-CR-507-N |
| | § | |
| PHILLIP PETERSON | § | |

# **COURT'S CHARGE TO THE JURY**

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened, that is, in reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. A defendant begins with a clean slate. The law does not require a defendant to prove his or her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be

proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and those exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an

exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight or importance to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses ********* who testify in the case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and

reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**ON OR ABOUT**

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that a crime was committed on an exact date, so long as the government proves beyond a reasonable doubt that the defendant in question committed the crime on a date reasonably near the date stated in the indictment.

**VENUE — GENERALLY**

In order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that the offense charged was begun, continued, or completed in the Northern District of Texas. Unlike the other elements of the offense, this is a fact that the government must prove only by a preponderance of the evidence. This means the government must convince you only that it is more likely than not that the offense charged was begun, continued, or completed in the Northern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Dallas County, Texas is located in the Northern District of Texas.

## CAUTION – CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION – PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## SINGLE DEFENDANT — MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## KNOWINGLY

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident by the defendant.

## INTERSTATE COMMERCE — DEFINED

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

## INTOXICATION

You have heard evidence that the defendant may have been intoxicated at or around the time of the events in question. Intoxication alone is not a defense in an offense where the defendant only needed to consciously disregard a substantial risk that a communication might be perceived as threatening. It is the Government's burden to prove that intent beyond a reasonable doubt.

## COUNTS ONE THROUGH EIGHT
TRANSMISSION OF THREATENING COMMUNICATION
IN INTERSTATE COMMERCE
[VIOLATION OF 18 U.S.C. § 875(c)]

With regard to Counts One through Eight of the Indictment, Title 18, United States Code, Section 875(c), makes it a crime for anyone to transmit in interstate or foreign commerce any communication containing a threat to injure the person of another. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly sent a message containing a threat to injure the person of another, as charged in the indictment;

Second: The defendant sent the message either intending to communicate a threat, knowing that the message would be viewed as a threat, or consciously disregarding a substantial risk that the message would be viewed as a threat; and

Third: That the communication was sent in interstate or foreign commerce. To establish the third element, the government must prove that the communication passed from one state to another, or between the United States and a foreign country. If the government establishes beyond a reasonable doubt that the communication crossed a state line, that is sufficient to establish this element even if the defendant and the recipient were in the same state at the time.

A “threat” is a serious statement expressing an intention to injure any person, who under the circumstances would cause apprehension in a reasonable person, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.

It is not necessary to prove that the defendant actually intended to carry out the threat made.

## DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, the exhibits will be available to you during your deliberations.

Remember at all times, you are judges – judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The presiding juror will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your deliberations, any juror may write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to me, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Signed this the 9th day of Sept., 2026.

David C. Godbey
David C. Godbey
United States District Judge